Frank S. Hedin
HEDIN HALL LLP
Four Embarcadero Center, Suite 1400
San Francisco, California 94104
Telephone:  + 1 (415) 766-3534
Facsimile:   + 1 (415) 402-0058
Email: fhedin@hedinhall.com

BURSOR & FISHER, P.A.
L. Timothy Fisher (SBN 191626)
1990 North California Blvd., 940
Walnut Creek, California 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com

*Counsel for Plaintiff and the Putative Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER CARRERA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PETCHI, INC.; and FUZZY PET HEALTH, INC.,<br><br>    Defendants. | Case No. _____<br><br><u>CLASS ACTION</u><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Jennifer Carrera, individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to herself, on the investigation of her counsel, and on information and belief as to all other matters. Plaintiff believes that substantial evidentiary support exists for the allegations set forth

CLASS ACTION COMPLAINT                                        Civil Case No.: _____

in this complaint, and that a reasonable opportunity for discovery will reveal such evidence.

## NATURE OF ACTION

1. Plaintiff brings this Class Action Complaint for legal and equitable remedies resulting from the illegal actions of PetChi, Inc. and Fuzzy Pet Health, Inc. in sending automated text message advertisements to her cellular telephone and the cellular telephones of numerous other individuals across the country, in clear violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

## JURISDICTION AND VENUE

2. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3. Personal jurisdiction and venue are proper because Defendants maintain their corporate headquarters and principal place of business in this District.

## PARTIES

4. Plaintiff is an individual and a "person" as defined by 47 U.S.C. § 153(39). Plaintiff is a citizen of California and resides within this District.

5. Defendants PetChi, Inc. and Fuzzy Pet Health, Inc. (collectively hereinafter, "Defendant") own and operate a pet health company that offers in-home vet care to consumers in the greater San Francisco, California and New York, New York metropolitan areas, via the website http://www.yourfuzzy.com. Defendant is organized and incorporated under the laws of Delaware and maintains its corporate headquarters in San Francisco, Callifornia. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

6. In 1991, faced with a national outcry over the volume of robocalls being received by American consumers, Congress enacted the TCPA to address certain abuse telecommunications practices.

7. The TCPA prohibits, *inter alia*, making any telephone call to a cellular telephone using a "prerecorded or artificial voice" or an "automatic telephone dialing system" ("ATDS" or "autodialer") absent an emergency purpose or the "express consent" of the party called. The TCPA further provides that any text message constituting an "advertisement" or "telemarketing" message within the meaning of the TCPA requires the sender to acquire the recipient's "prior express written consent" before initiating such a message via an autodialer.

8. According to findings by the Federal Communication Commission ("FCC"), which is vested with authority to issue regulations implementing the TCPA, autodialed calls and text messages are prohibited because receiving them is a greater nuisance and more invasive than receiving live or manually dialed telephone solicitations. The FCC also recognized that wireless customers are charged for such incoming calls and texts whether they pay in advance or after the minutes are used. Moreover, because cellular telephones are carried on their owners' persons, unsolicited calls and texts transmitted to such devices via an autodialer are distracting and aggravating to their recipients and intrude upon their recipients' seclusion.

9. To state a cause of action for violation of the TCPA, a plaintiff need only set forth allegations demonstrating that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice."

*Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10. Plaintiff was at all times mentioned herein the subscriber of the cellular telephone number (707) ***-8913 (the "8913 Number"). The 8913 Number is, and at all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

11. During the preceding four years, Defendant transmitted, by itself or through an intermediary or intermediaries, multiple text messages to Plaintiff's 8913 Number and at least one text message (that was identical to or substantially the same as those received by Plaintiff) to each member of the putative Class. All of the subject text messages sent to Plaintiff and the members of the putative Class constituted "advertisements" or "telemarketing" messages within the meaning of the TCPA and its implementing regulations because each such message was aimed at promoting the commercial availability of Defendant's products and services and ultimately selling such products and services. Defendant offered such products and services for sale to Plaintiff and the members of the putative class for the purpose of deriving commercial profit from the purchase of any such products or services ultimately made by the consumers to whom they were directed.

12. All of the subject text messages received by Plaintiff and the members of the putative Class were transmitted by or on behalf of Defendant without the requisite prior "express written consent" of Plaintiff or any member of the putative Class.

13. For example, on or about January 30, 2020, Defendant transmitted or caused to be transmitted, by itself or through an intermediary or intermediaries, and without Plaintiff's prior "express written consent," a text message to the 8913 Number that stated as follows:

> Fuzzy: Health Packs are more than just meds. Think personalized, vet-designed health plan (with free shipping) + online access to vets + digital health records for your pet. Plans start at $9.95, get your first month free! https://click.yourfuzzy.com/free

The link in the above-depicted text message redirected to a website operated and maintained by or on behalf of Defendant, where Defendant sells its products and services to consumers for commercial profit.

14. Each unsolicited text message sent by or on behalf of Defendant to Plaintiff's 8913 Number originated from the telephone number 38999, which is a dedicated SMS short code leased or owned by or on behalf of Defendant that Defendant uses to transmit text messages to consumers *en masse*, in an automated fashion and without human intervention.

15. Because Plaintiff's cellular phone alerts her whenever she receives a text message, each unsolicited text message transmitted by or on behalf of Defendant to Plaintiff's 8913 Number invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion upon receipt.

16. All telephone contact by Defendant or affiliates, subsidiaries, or agents of Defendant to Plaintiff's 8913 Number and to the numbers belonging to the unnamed Class members occurred using an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A). Specifically, Defendant utilized an "automatic telephone

dialing system" because all such text messages were sent from a dedicated SMS short code used for the exclusive purpose of transmitting text messages to consumers *en masse*; because the subject text messages contained the same or substantially the same generic, pro forma content; because the dialing equipment utilized by or on behalf of Defendant to send such messages includes features substantially similar to a predictive dialer, inasmuch as it is capable of making or initiating numerous calls or texts simultaneously (all without human intervention); and because the hardware and software used by or on behalf of Defendant to make or initiate such messages have the capacity to store, produce, and dial random or sequential numbers, and to receive and store lists of telephone numbers, and to then dial such numbers, *en masse*, in an automated fashion without human intervention.

17. And indeed, Defendant actually transmitted the text messages at issue in this case to Plaintiff and all other putative Class members in an automated fashion and without human intervention, with hardware and software that received and stored telephone numbers and then automatically dialed such numbers.

18. Neither Plaintiff, nor any other member of the putative Class, provided their prior "express written consent" to Defendant or any affiliate, subsidiary, or agent of Defendant to transmit the subject text message advertisements to the 8913 Number or to any other Class member's cellular telephone number by means of an "automatic telephone dialing system" within the meaning of 47 U.S.C. § 227(b)(1)(A).

19. None of Defendant's text messages to the 8913 Number or to any putative Class member's cellular telephone number was sent for an emergency purpose.

## CLASS ALLEGATIONS

20.  <u>Class Definition</u>. Plaintiff brings this civil class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The "Class" which Plaintiff seeks to represent is comprised of and defined as follows:

> All persons in the United States who, at any time between the four years preceding the filing of this action and the present:
>
> (1) subscribed to a cellular telephone service;
>
> (2) received, at the telephone number assigned to such service, at least one text message sent by or on behalf of Defendant using the same or substantially the same dialing technology that Defendant used to transmit the subject text messages to Plaintiff; and
>
> (3) for whom Defendant lacks any record establishing the person's provision of "express written consent" to receive such message(s) prior to the initiation of such message(s).

21.  Excluded from the class are Defendant, its officers and directors, members of the immediate families of the foregoing, legal representatives, heirs, successors, or assigns of the foregoing, and any entity in which Defendant has a controlling interest.

22.  Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

23.  Plaintiff and all Class members have been impacted and harmed by the acts of Defendant or its affiliates, agents, or subsidiaries acting on its behalf.

24.  This Class Action Complaint seeks injunctive relief and monetary damages.

25.  Defendant or any affiliates, subsidiaries, or agents of Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive

CLASS ACTION COMPLAINT     7     Civil Case No.: _____

relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

26. This action may properly be brought and maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b). This class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

27. On application by Plaintiff's counsel for class certification, Plaintiff may also seek certification of subclasses in the interests of manageability, justice, or judicial economy.

28. <u>Numerosity</u>. The number of persons within the Class is substantial, believed to amount to thousands of persons dispersed throughout the United States. It is, therefore, impractical to join each member of the Class as a named plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

29. <u>Typicality</u>. Plaintiff received at least one text message from Defendant that originated from the telephone number 38999, and Defendant lacks any record establishing Plaintiff's prior "express written consent" to receive any such messages within the meaning of the TCPA. Consequently, the claims of Plaintiff are typical of the claims of the members of the Class, and Plaintiff's interests are consistent with and

not antagonistic to those of the other Class members she seeks to represent. Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendant's TCPA-violative misconduct as alleged herein.

30. <u>Adequacy</u>. As the proposed Class representative, Plaintiff has no interests adverse to or which conflict with the interests of the absent members of the Class, and she is able to fairly and adequately represent and protect the interests of such a Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue these claims. If necessary as the litigation (including discovery) progresses, Plaintiff may seek leave to amend this Class Action Complaint to modify the Class definition set forth above, add additional Class representatives, or assert additional claims.

31. <u>Competency of Class Counsel</u>. Plaintiff has retained and is represented by experienced, qualified, and competent counsel committed to prosecuting this action. Plaintiff's counsel are experienced in handling complex class action claims, including in particular claims brought under the TCPA (as well as other consumer protection and data-privacy statutes).

32. <u>Commonality and Predominance</u>. There are well-defined common questions of fact and law that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member and may be determined without reference to the individual circumstances of any Class member, include (but are not limited to) the following:

a) Whether Defendant or affiliates, subsidiaries, or agents of Defendant sent text message advertisements to Plaintiff's and Class members' cellular telephones;

b) Whether such text messages were sent using an "automatic telephone dialing system";

c) Whether Defendant can meet its burden to show that it (or any disclosed affiliate, subsidiary, or agent of Defendant acting on its behalf) obtained prior "express written consent" within the meaning of the TCPA to transmit the subject text messages to the recipients of such messages, assuming such an affirmative defense is timely raised;

d) Whether Defendant or any affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

33. <u>Superiority.</u>  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the prosecution of individual litigation on behalf of each Class member is impracticable.  Even if every member of the Class could afford to pursue individual litigation, the court system could not; multiple trials of the same factual issues would magnify the delay and expense to all parties and the court system.  Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments.  By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and the court system and protects the rights of each member of the Class.  Plaintiff anticipates no difficulty in the management of this action as a class action.  Class wide relief is

essential to compel compliance with the TCPA and thus protect consumers' privacy. The interests of Class members in individually controlling the prosecution of separate claims is small because the statutory damages recoverable in an individual action for violation of the TCPA are likewise relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the text messages at issue are all automated and because Defendant lacks any record reflecting that it obtained the requisite consent from any Class member to be sent such messages. Class members can be readily located and notified of this class action by reference to Defendant's records and, if necessary, the records of Defendant's affiliates, agents, or subsidiaries and cellular telephone providers.

34.     Additionally, the prosecution of separate actions by individual Class members would create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty Class members to protect their interests.  The prosecution of individual actions by Class members could also establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

## CLAIM FOR RELIEF
## VIOLATION OF THE TELEPHONE
## CONSUMER PROTECTION ACT
## (47 U.S.C. § 227)

35.     Plaintiff incorporates by reference the foregoing paragraphs of this Class Action Complaint as if fully stated herein.

36.     Plaintiff and each member of the Class received at least one text message sent by or on behalf of Defendant during the class period.  All such messages sent to

Plaintiff and the members of the proposed Class promoted the sale of Defendant's goods or services or the commercial availability of goods or services sold by Defendant; consequently, all such messages constituted "advertising" or "telemarketing" material within the meaning of the TCPA and its implementing regulations. Additionally, all such messages were sent via the same dialing technology, which qualified as an ATDS within the meaning of the TCPA, as evidenced by the generic nature of the text messages, the use of a dedicated telephone number to transmit each such message, and the capacities, capabilities, and features of the dialing technology at issue, as alleged above.

37. Neither Plaintiff nor any other member of the Class provided Defendant his or her prior "express written consent" within the meaning of the TCPA to receive the autodialed text message advertisements at issue in this case.

38. Defendant's use of an ATDS to transmit the subject text message advertisements to telephone numbers assigned to a cellular telephone service, including to Plaintiff's 8913 Number and the numbers of all members of the proposed Class, absent the requisite prior "express written consent," as set forth above, constituted violations of the TCPA by Defendant, including but not limited to violations of 47 U.S.C. § 227(b)(1)(A)(iii).

39. Plaintiff and all Class members are entitled to, and do seek, an award of $500.00 in statutory damages for each such violation of the TCPA committed by or on behalf of Defendant (or $1,500.00 for any such violations committed willfully or knowingly) pursuant to 47 U.S.C. § 227(b)(3).

40. Plaintiff, individually and on behalf of the putative Class, seeks an award of attorneys' fees and costs to Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 23.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jennifer Carrera prays for relief and judgment in favor of herself and the Class as follows:

A. Injunctive relief sufficient to ensure Defendant refrains from violating the TCPA in the future;

B. Statutory damages of $500.00 for herself and each Class member for each of Defendant's violations of 47 U.S.C. § 227(b)(1) (or $1,500.00 for each such violation to the extent committed willfully or knowingly);

C. An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclass(es) the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the attorneys representing Plaintiff as counsel for the Class; and

D. An award of attorneys' fees and costs to Plaintiff's counsel, payable from any class-wide damages recovered by the Class, pursuant to Federal Rule of Civil Procedure 23.

## DEMAND FOR JURY TRIAL

On behalf of herself and all others similarly situated, Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims and issues so triable.

| | |
|---|---|
| Dated: February 3, 2020 | **HEDIN HALL LLP** |
| | By:   /s/ Frank S. Hedin   |
| |        Frank S. Hedin |

Frank S. Hedin (SBN 291289)
**HEDIN HALL LLP**
Four Embarcadero Center, Suite 1400
San Francisco, California 94104
Telephone:   + 1 (415) 766-3534
Facsimile:    + 1 (415) 402-0058
Email: fhedin@hedinhall.com

L. Timothy Fisher (SBN 191626)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., 940
Walnut Creek, California 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com

*Counsel for Plaintiff and the Putative Class*